STATE *vs.* AMOS CANTARA.

JANUARY 10, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J.   Before a justice of the Superior Court, sitting without a jury, defendant was convicted on a complaint for operating an automobile on a public highway in West Warwick while under the influence of intoxicating liquor.   Defendant's car had collided with a parked car and he was arrested at the scene of the accident while attempting to drive away.   Evidence of intoxication was offered by the arresting officer.   Defendant's breath and actions indicated use of liquor.   Dr. Archambault, who examined defendant on behalf of the town within one half hour after arrest, also testified to intoxication.   Defendant was not examined by any other physician.

Defendant offered no testimony and, because of the State's failure to inform him of his right to be examined by his own physician, Public Laws, 1929, Chapter 1406, moved for a discharge or a finding of not guilty. On refusal to grant this motion, and a finding by the court that the evidence showed defendant to be guilty, he is here on exceptions (1) to the admission of any evidence from Dr. Archambault, and (2) to the denial of his motion for discharge.

The exception concerning the testimony of Dr. Archambault is without merit. His qualifications as a physician were not questioned. Defendant's claim is that, by implication, Chapter 1406 forbade the use of medical evidence by the State unless defendant had been informed of his right to be examined by his own physician. Nothing in the statute so indicates. The issue was whether defendant was intoxicated. Both a medical and a lay witness testified concerning it. The reason suggested for barring Dr. Archambault is that, considering the importance attached to medical testimony of intoxication, if the State had a doctor, such doctor should not in fairness be permitted to testify unless defendant was informed of his right to examination by his own physician. Doubtless the legislature could have provided that failure to inform defendant charged with drunken driving should bar the State from offering medical evidence of intoxication but the statute does not do so expressly and it has meaning without implying such an intention.

The second exception requires examination of General Laws 1923, Chapter 98, Section 27, as amended by Public Laws 1927, Chapter 1049, and as further amended by Public Laws, 1929, Chapter 1406, to find the intent of the General Assembly. To do so both the condition to be altered and the means provided must be considered. *Kernan* v. *Webb.* 50 R. I. 394. (Opinion filed Dec. 19, 1929). .

Chapter 98 creates the offence of operating an automobile on the public highways when intoxicated. Such

driving has been recognized as a serious public menace for at least twenty years. Gen. Laws 1909, Ch. 86, Sec. 13. The increasing peril from automobiles operated by intoxicated persons brought heavier penalties in 1927, Public Laws, Chapter 1049. This act did not alter the nature of the offence but gave to the person charged with so operating the "right to be examined at his own expense immediately after his arrest, by a physician selected by him." This enabled the arrested person to have medical examination and testimony by his own doctor if he so desired and could obtain it. Failure to exercise the right to secure his own physician gave the defendant nothing in a way of defence to be weighed against the State's evidence of intoxication. Public Laws 1929, Chapter 1406, further increased the penalties for violation of the law and provided that the arresting officer "shall immediately inform such person of this right and afford him a reasonable opportunity to exercise the same." The statute did not alter the nature of the original offence or make the information a requisite to proof thereof. It said nothing of the effect of failure to give the information. It assumed the officer would perform his duty.

Defendant contends that the giving of the information by the officer is mandatory and that without it proceedings under the statute are void. Such meaning we fail to find in the statute. Defendant can make no claim that he was denied his right or opportunity to exercise it. His contention only is that he was not informed of this right. He does not contend that an averment that the information was given was an essential element of the complaint, as in *State v. Read*, 12 R. I. 135. Information of defendant's right to examination as to his intoxicated condition after arrest certainly constituted no part of the offence charged, viz., drunken driving. Information of rights could not alter the facts. In the last analysis defendant's claim is that the State must show information as an essential element of its proof though not of its complaint. Proof of more than is alleged is not ordinarily required. In itself information

lends no aid in establishment of either guilt or innocence. Without Chapter 1406 information of his right to examination by his own physician was no part of the duty of the arresting officer. The amendment of 1929 imposed the new duty of information on the officer. The officer's failure to perform his duty neither altered the nature of the offence of driving while intoxicated nor deprived the State of the power to prove it. It rendered proof of guilt more difficult. The officer's failure to give the information became a material evidential fact from which non-intoxication might be inferred by court or jury if the circumstances warranted such inference. It did not compel the inference of non-intoxication. Intoxication is often a matter difficult to determine and, if the arresting officer fails to inform an alleged offender, it is not an unwarranted inference that there may be doubt about the evidence of intoxication. Whether such inference should be drawn depends on the other facts in evidence. Chapter 1406 gave to the accused a benefit not theretofore existent, viz., that the evidence of intoxication reasonably might be doubted simply because of the officer's failure to perform the duty imposed upon him by Chapter 1406. In practice such benefit would often be of greater service to defendant than would be the presence of defendant's physician.

Increasing severity of punishment in our laws regarding drunken driving furnishes no sound reason why we should consider the giving of information concerning the offender's right essential to proof of the offence. The reason for increasing severity of punishment is explained fully by the large death toll from automobile accidents and this court has recently reiterated that an automobile negligently driven is a dangerous instrumentality on a public highway. *Kernan* v. *Webb, supra.*

The requirement that the officer "shall" give the information is not a proviso attached to the earlier portion of Section 27 nor is it equivalent to one. Neither does the statute impose a mandatory duty upon the officer, failure

to perform which absolves the arrested person from liability for operating while in a condition likely to make such operation dangerous alike to the public and himself. The so-called adulterated milk, vinegar and arrest without warrant cases furnish no support to defendant's contention.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Louis V. Jackvony, Asst. Attorney General,* for State.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for defendant.